**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-7925**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RYAN LEE ZATER,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Columbia. Henry M. Herlong, Jr., District Judge. (CR-00-626; CA-00-22465-3-20)

―――――――――

Submitted: April 8, 2005          Decided: April 25, 2005

―――――――――

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Ryan Lee Zater, Appellant Pro Se. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ryan Lee Zater seeks to appeal the district court's order denying as successive his motion filed under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Zater has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003), we construe Zater's notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court

to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. See 28 U.S.C. § 2244(b)(2) (2000). Zater does not satisfy either of these conditions. Accordingly, we deny Zater's implicit application for leave to file a second § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED